### LYON et al. v. DAVIS et al.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—HUSBAND AND WIFE.

> An assignment for benefit of creditors is not rendered invalid by preferring the wife and sister-in-law of the assignor for *bona fide* debts, for money loaned by them to him.

Appeal from special term, Dutchess county.

Action by William H. Lyon and Joseph H. T. Martin, against James M. Davis, Charles M. Kittredge, and Jennie Davis, to set aside an assignment for benefit of creditors executed by said James M. Davis to his co-defendants. The assignment contained several preferences, of which the first was for $1,500 to the debtor's wife and assignee, and the second was for $300 to his sister-in-law, both for alleged loans. Plaintiff assails the validity of these preferences. The following findings were filed by the court: "I find that the debt to the sister-in-law of the assignor is not fictitious, but was a good and valid debt for money lent by her to him. I find that the $1,500 secured to the wife of the assignor was a good and valid debt; that she earned the money in her separate business; that she kept boarders under an agreement with her husband that she should have the profits of the business, and that he would pay the rent for his board; the wife was to, and did, pay all the bills; that the money was deposited in the name of the husband for convenience, and that it was drawn out; and the wife took possession of it, and lent it to a stranger, and, when it was paid back to her, she loaned it to her husband, and he received it from her individual hands and possession. I find that the complaint be dismissed, with costs. J. F. BARNARD, Justice of Supreme Court." From the judgment thereupon entered the plaintiffs appeal. For former report, see 7 N. Y. Supp. 564.

Argued before DYKMAN and PRATT, JJ.

*Freeman & Green,* for appellants. *H. H. Hustis,* for respondents.

DYKMAN, J. The plaintiffs are judgment creditors of James M. Davis, and they commenced this action, as such creditors, to set aside an assignment for the benefit of creditors made by Davis to the defendants. The cause was tried before a judge without a jury, and he decided in favor of the validity of the assignment. He found all the facts against the plaintiffs upon sufficient evidence, and his conclusions of law resulted from the facts so found. The decision of the case depended upon facts alone, and as they were found and determined so went the judgment. We concur with the trial judge respecting the indebtedness of the assignor to his wife, and in his conclusion that the debt was properly preferred in the assignment. The judgment should be affirmed, with costs.